UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY NGUYEN, On Behalf
Of Herself and All Others Similarly
Situated,

       Plaintiff,

v.                               Case No. 8:20-cv-195-T-36AAS

RAYMOND JAMES & ASSOCIATES,
INC.,

       Defendant.
_____/

## ORDER

Kimberly Nguyen, individually and on behalf of all others similarly situated, moves to compel documents from Raymond James & Associates, Inc. (Raymond James) in response to her request for production no. 1. (Doc. 88). Raymond James opposes the motion. (Doc. 91).

I.    BACKGROUND

Ms. Nyugen brings a securities fraud action against Raymond James. (Doc. 26). According to the amended complaint, in June 2015, Ms. Nyugen held a Raymond James "commission-based account" containing mutual funds. (*Id.*, ¶ 20). Ms. Nyugen alleges that, in January 2016, her "Raymond James financial advisor . . . advised her to transfer her assets [from her 2015 commission-based account] into a Fee-Based Raymond James Freedom Account." (*Id.*, ¶ 21). Ms. Nyugen alleges that Raymond James engaged in a "reverse churning" scheme to deceive its customers into

1

transferring their securities into fee-based accounts. (*Id.*, ¶¶ 14-15). Ms. Nyugen alleges that Raymond James "profited significantly at the expense of its clients" by acting against their best interests and "cost[ing] investors millions in excess fees." (*Id.*, ¶¶ 9, 11, 54, 62).

In support of her allegations, Ms. Nyugen relies on a Securities and Exchange Commission (SEC) consent order entered in a separate administrative proceeding against Raymond James and its affiliates. (Doc. 88, Ex. A). Ms. Nyugen argues the claims asserted in the SEC proceeding are substantially similar to the claims she asserts here.[1] (*Id.*, ¶ 8).

Ms. Nyugen requests that Raymond James produce "all Documents that [Raymond James] produced to the [SEC] related to *In re Raymond James & Associates, Inc., et al.*, Administrative Proceeding File No. 3-19464." (Doc. 88). In response, Raymond James contends this request seeks documents not relevant or proportional to the needs of this action because the accounts and timeframe at issue in the SEC administrative proceeding differ from Ms. Nyugen's account. (Doc. 91).

## II.  LEGAL STANDARD

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider

---

[1] The SEC consent order settled claims involving a "practice or course of business which operates or would operate as a fraud or deceit upon the purchaser," in violation of federal securities laws. *See* (Doc. 88-1, p. 7).

2

whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, No: 6:15-cv-1701-Orl-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The court has broad discretion in managing pretrial discovery matters and in compelling document productions. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

### III. ANALYSIS

Ms. Nyugen's request for production no. 1 and Raymond James' response are at issue:

> **Request for Production No. 1**- Produce all Documents that RJA produced to the U.S. Securities and Exchange Commission related to *In re Raymond James & Associates, Inc., et al.*, Administrative Proceeding File No. 3-19464.
>
> **Response to Request for Production No. 1**- In response to this Request, and subject to the foregoing objections and the Parties' Stipulated Confidentiality Agreement and ESI Agreement, RJA objects to this Request as irrelevant, overbroad, and not proportional to the needs of this case for several reasons. First, the scope of Administrative Proceeding File No. 3-19464 brought by the U.S. Securities and Exchange Commission ("SEC") ("SEC Administrative Proceeding") concerned unit investment trusts ("UIT") and "inactive" separately-managed advisory accounts (accounts that are individually managed by a customer's financial advisor). In contrast, the Freedom Program investment platform which Plaintiff utilized at RJA by virtue of opening a Freedom account involved pooling the invested principal of all Freedom investors who selected the same portfolio objective and managing the pooled investments on a discretionary basis by an Investment Committee in conjunction with a research and due diligence team. Second, Plaintiff lacks standing to represent any individuals whose accounts were at issue in the SEC Administrative Proceeding referenced in this Request, and thus to seek discovery related to that

3

> proceeding, because she does not possess the same interest and did not suffer the same alleged injury as RJA customers whose accounts were at issue in that proceeding. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Third, all of the account holders for the account-types at issue in the SEC order dated September 17, 2019 (cited at Amended Complaint ¶ 8) ("SEC Order") that resolved the SEC Administrative Proceeding have been compensated through disbursement of a settlement fund, as set out in the SEC Order, and consequently have no damages, and thus cannot be members of any purported class in this case. Furthermore, RJA objects to this Request as irrelevant to the extent it seeks documents concerning UITs, because UITs have no relation to this case.
>
> RJA additionally objects to the extent this Request seeks documents produced to the U.S. Securities and Exchange Commission by entities other than RJA. RJA also objects to the extent that this Request seeks confidential documents and information for which RJA sought confidential treatment from the SEC, which documents and information are further protected by RJA's and third parties' rights to privacy, as well as by trade secret laws.
>
> RJA further objects to this Request on the grounds that Plaintiff is not entitled to "clone" or seek a duplicate copy of regulatory discovery. *See Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. 1999) ("'Cloned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case. . . . The plaintiffs' counsel must do their own work and request the information they seek directly."); *see also In re Worldcom, Inc. Secs. Litig.*, No. 02-civ-3288, 2003 WL 22953645, at *7 (S.D.N.Y. Dec. 16, 2003) (requiring defendants to "fashion their own document requests" and denying defendants' request for all document and information provided in response to regulatory subpoenas). RJA also objects to this Request inasmuch as it seeks documents provided to the SEC that are protected from disclosure by the attorney-client privilege and the attorney work product doctrine.
>
> No documents will be produced.

(Doc. 88, pp. 5-6).

Raymond James argues that the accounts addressed in the SEC proceedings

4

differ from the account here. (Doc. 91, pp. 2-3). The consent SEC order settled claims involving alleged violations of federal securities laws by Raymond James and two affiliates. (Doc. 88, Ex. A). The SEC administrative proceeding involved financial advisor managed fee-based accounts alleged to not have been properly managed. Specifically, the accounts were inactive for one or more years, but the account holder was charged an annual fee. (*Id.*).

Ms. Nyugen alleges that the Raymond James' financial advisor failed to conduct a suitability analysis before and after recommending that Ms. Nyuogen transfer her assets into a fee-based account. However, unlike the accounts in the SEC proceedings managed by an individual financial advisor and left inactive for over a year, Ms. Nyugen's account was managed and monitored by an investment committee and annually rebalanced. (Doc. 91, Ex. B, ¶¶ 7, 8). Because the SEC proceedings concerned fee-based accounts left inactive, Ms. Nyugen's Raymond James freedom account is different and subject to different claims.[2]

Although the accounts in the SEC proceeding and this action are different, there may be a subset of relevant documents within the documents produced to the SEC. However, even if some of the documents sought ultimately may be relevant to this action, the request as drafted is an overbroad request for a document dump

---

[2] Ms. Nyugen incorrectly states that "[r]elevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence." (Doc. 88, p. 7). The Rule changed in 2000 to "relevant to the claim or defense of any party." *See In re Zantac Prods. Liab. Litig.*, No. 20-MD-2924, 2020 WL 5585137, at *2 n.1 (S.D. Fla. Sept. 16, 2020). (citation omitted). "The new language is purposefully narrower than the old language," and intended to "narrow the scope of discovery." *Id.*

5

without any concern for whether the scope of the request is proportional to the needs of this case. Ms. Nyugen's broadly and aimlessly seeks the production of all documents that Raymond James and other affiliated entities produced to the SEC over a twenty-month period in thirty separate productions. (*See* Doc. 91, Ex. A, ¶¶ 4-5). According to Raymond James, the SEC production consisted of 9,218 documents, amounting to 50,965 pages. (*Id.*, ¶ 5). In addition, approximately half of the requested documents are dated before the relevant time period—beginning January 1, 2015. (*See* Doc. 91, Ex. D, p. 8). Further, many of the documents requested are email communications containing names and account identifying information of Raymond James' and its affiliates' customers, which are protected. (Doc. 91, p. 7). The document request is overbroad not proportional to the needs of this action.

### IV.     CONCLUSION

Ms. Nyugen's request for production no. 1 requests documents beyond the scope of what Rule 26(b)(1) permits. Thus, the motion to compel (Doc. 45) is **DENIED**.

**ORDERED** in Tampa, Florida on November 19, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

6