# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIMBERLY NGUYEN,

    Plaintiff,

v.                                    Case No: 8:20-cv-195-CEH-AAS

RAYMOND JAMES & ASSOCIATES, INC.,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon Defendant Raymond James & Associates, Inc.'s Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law [Doc. 50], Plaintiff's Opposition [Doc. 59], and Defendant's Reply [Doc. 70]. Raymond James argues that the complaint fails to state causes of actions and that the claims are precluded by the Securities Litigation Uniform Standards Act and barred by the independent tort doctrine. Having considered the matter and being fully advised in the premises, the Court will **DISMISS** the complaint as a shotgun pleading and **DENY** the motion to dismiss as moot.[1]

---

[1] The Court had oral argument on the motion to dismiss on March 5, 2021. At that time, the Court was not advised, nor had it discerned, that the Amended Complaint is procedurally deficient. That the Amended Complaint is a shotgun pleading became obvious as the Court prepared an order on the motion to dismiss. Thus, in order to clearly ascertain which facts belong to each count of the Amended Complaint, Plaintiff must re-plead her claims.

I. BACKGROUND[2]

*The Facts*

Since June 2015, Plaintiff Kimberly Nguyen, has been a client of Defendant Raymond James & Associates, Inc., a registered broker-dealer with the Financial Industry Regulatory Authority (FINRA) and a registered investment advisor firm with the United States Securities and Exchange Commission (SEC). [Doc. 46 ¶¶ 18, 19]. Plaintiff and the putative Class members' assets were originally placed in commission-based accounts by Raymond James, for which they paid a modest fee per trade. *Id.* ¶¶ 2, 20. Starting in January 2016, their financial advisors advised them to transfer their assets, including shares in various mutual funds, into fee-based accounts which attracted an annual fee based on a percentage of the assets in the client's account. *Id.* ¶¶ 2, 21, 24. Based on the financial advisors' advice, Plaintiff and Class members executed Client Freedom Agreements and their assets were transferred to fee-based accounts. *Id.* ¶¶ 22, 24. Thereafter, the assets remained in those accounts without Raymond James either monitoring whether they should have been transferred back to commission-based accounts or supervising its broker-dealers to ensure such monitoring was performed. *Id.* ¶¶ 22, 25.

Raymond James profited significantly at the expense of its clients as a result of transferring their assets from commission-based accounts into fee-based accounts. *Id.*

---

[2] The following statement of facts is derived from Plaintiff's Amended Complaint (Doc. 46), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

2

¶ 54. In fact, Plaintiff paid over $7,432.17 in fees associated with her fee-based account between 2016 and 2018, and would have paid substantially less had she paid a per-transaction commission for the same or similar services. *Id.* ¶ 23. The Class members also paid substantial fees after their assets were transferred to fee-based accounts. *Id.* ¶ 26. ¶ 54. During that period, Raymond James reported significant increases in the value of assets in fee-based accounts. *Id.* ¶¶ 54-58. Additionally, its stock doubled from $41 per share to more than $90 per share due to its growth in Fee-Based Accounts over the relevant time period. *Id.* ¶ 59.

## *The Lawsuit*

Plaintiff filed this action against Raymond James on January 24, 2020. [Doc. 1 at p. 1]. In the amended complaint, Plaintiff alleges that Raymond James breached its fiduciary duty to Plaintiff and Class members in failing to conduct an analysis as to the suitability of fee-based accounts prior to transferring client assets from commission based accounts (**Count I**) and in failing to monitor these accounts and conducting an analysis after transfer of assets to ensure that fee based accounts were still suitable for Plaintiff and Class members (**Count II**). [Doc. 46 ¶¶ 5-78, 79-83]. Plaintiff also alleges that Raymond James was negligent in failing to have procedures in place to determine the suitability of fee-based accounts prior to (**Count III**) and after (**Count IV**) transferring client assets from the commission-based accounts into fee-based accounts and in failing to have supervisory measures in place. *Id.* ¶¶ 84-88, 89-93]. According to the complaint, Raymond James has fiduciary obligations under Florida Law, as

well as pursuant to SEC and FINRA regulations and the suitability obligation is not limited to recommendations of specific securities. *Id.* ¶¶ 28-46. Plaintiff further alleges that FINRA rules evidence industry standards and practices, and how Raymond James' handling of the accounts was in breach of these standards. *Id.* ¶¶ 47-53.

Raymond James has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state plausible claims for relief and that the claims are barred by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1) ("SLUSA" or "the Act"), and the independent tort doctrine. [Doc. 50].

## II. LEGAL STANDARD

In ruling on a motion to dismiss, "[a] court is generally limited to reviewing what is within the four corners of the complaint." [3] *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir.2006)). Pursuant to the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and its claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8, 10(b). Complaints that violate these rules are often referred to as "shotgun pleadings,"

---

[3] This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019). . A document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 n.15 (11th Cir. 2011) (citing *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1340 n. 3 (11th Cir.2005)).

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015), and are subject to dismissal by the court pursuant to the court's inherent authority, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Federal Rule of Civil Procedure 12(b) sets forth additional grounds on which a court may dismiss an action.

### III.   DISCUSSION

There are four generally recognized types of shotgun pleading including: (i) those in which each count adopts the allegations of all preceding counts; (ii) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) those that do not separate each cause of action or claim for relief into a different count; and (iv) those that assert multiple claims against multiple defendants without specifying which applies to which. *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016) (citing *Weiland*, 792 F.3d at 1321–23). *See also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"); *Vujin v. Galbut*, No. 19-13465, 2020 WL 7090206, at *4 (11th Cir. Dec. 4, 2020) ("The essence of a shotgun pleading is 'that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.' ") (quoting *Anderson v. District Bd. Of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

The complaint here fits within the first class. It has four counts and Counts II through IV each "incorporates by reference each and every allegation contained above as though the same were fully set forth herein." [Doc. 46 ¶¶ 79, 84, 89]. To illustrate, **Count II** asserts a claim for breach of fiduciary duty arising from Raymond James' *omissions following the transfer* of Plaintiff's assets to fee based accounts and also incorporates all the allegations from *Count I* with respect to Raymond James' *omissions before the transfer*. Similarly, **Counts III and IV** assert claims for negligence—before and after the transfer of assets, respectively—but have reincorporated all the allegations as to breach of fiduciary duty. Additionally, the last count is a combination of the entire complaint. *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207 (11th Cir. 2019). This type of pleading muddles the claims and precludes adequate and fair notice to Raymond James of the claims against it and the grounds upon which each claim rests. *Weiland*, 792 F.3d at 1323. Additionally, it impedes the orderly, efficient, and economic disposition of the dispute. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). Dismissal, without prejudice, is therefore appropriate. Accordingly, it is hereby

   **ORDERED**:

   1. The Amended Complaint is **DISMISSED** [Doc. 46], without prejudice, as a shotgun pleading and Defendant Raymond James & Associates, Inc.'s Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law [Doc. 50] is **DENIED as moot**.

The complaint here fits within the first class. It has four counts and Counts II through IV each "incorporates by reference each and every allegation contained above as though the same were fully set forth herein." [Doc. 46 ¶¶ 79, 84, 89]. To illustrate, **Count II** asserts a claim for breach of fiduciary duty arising from Raymond James' *omissions following the transfer* of Plaintiff's assets to fee based accounts and also incorporates all the allegations from *Count I* with respect to Raymond James' *omissions before the transfer*. Similarly, **Counts III and IV** assert claims for negligence—before and after the transfer of assets, respectively—but have reincorporated all the allegations as to breach of fiduciary duty. Additionally, the last count is a combination of the entire complaint. *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207 (11th Cir. 2019). This type of pleading muddles the claims and precludes adequate and fair notice to Raymond James of the claims against it and the grounds upon which each claim rests. *Weiland*, 792 F.3d at 1323. Additionally, it impedes the orderly, efficient, and economic disposition of the dispute. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). Dismissal, without prejudice, is therefore appropriate. Accordingly, it is hereby

    **ORDERED**:

1. The Amended Complaint is **DISMISSED** [Doc. 46], without prejudice, as a shotgun pleading and Defendant Raymond James & Associates, Inc.'s Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law [Doc. 50] is **DENIED as moot**.

2. Plaintiff may file a Second Amended Complaint on or before April 13, 2021, which cures the deficiencies discussed in this Order. Failure to file the amended complaint within the time provided will result in dismissal of this action without further notice.

3. After a Second Amended Complaint is filed, Defendant may respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure. Given the briefing and oral argument on Defendant's previously filed motion to dismiss, Defendant may simply file a notice renewing its previously filed motion to dismiss and reply (Docs. 50, 70) or it may file a new motion to dismiss. If Defendant renews its previously filed motion to dismiss and reply, Plaintiff may, likewise, renew her previously filed response (Doc. 59).

**DONE AND ORDERED** in Tampa, Florida on March 30, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any