## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KIMBERLY NGUYEN,

     Plaintiff,

v.                               Case No: 8:20-cv-195-CEH-AAS

RAYMOND JAMES & ASSOCIATES,
INC.,

     Defendant.

_____/

## O R D E R

     This matter comes before the Court upon two motions to stay filed by Defendant Raymond James & Associates, Inc. and the corresponding responses: Defendant's Motion to Stay Further Discovery and Other Proceedings Pending Resolution of Defendant's Motion to Dismiss and Incorporated Memorandum of Law [Doc. 124] and Plaintiff's Response in Opposition [Doc. 127], as well as Defendant's Motion to Stay Remaining Class Certification Deadlines or, in the alternative, for an Extension of Time, and Incorporated Memorandum of Law [Doc. 149], Plaintiff's Opposition [Doc. 150], and Defendant's Reply [Doc. 157]. The Court, having considered the motions and being fully advised in the premises, will **DENY** Defendant's request to stay discovery and further proceedings in this case, but will **GRANT** Defendant an extension of time to respond to Plaintiff's Motion for Class Certification and *Daubert* motions.

In the Motion to Stay Further Discovery and Other Proceedings, Defendant relies on the automatic stay provision of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4 ("PSLRA") and the discretionary power of the Court—submitting that unusual circumstances of prejudice and undue burden exist to justify staying these proceedings until the Court rules on its current motion to dismiss. [Doc. 124 at. pp. 5-8]. Plaintiff presents several arguments in response, including that Defendant's showing of unusual circumstances or prejudice has not overcome the District's policy that the pendency of a motion to dismiss will not justify a unilateral motion to stay resolution of the dispositive motion. [Doc. 127 at p. 6-7]. Plaintiff also contends that a preliminary peek at the motion to dismiss does not justify a stay as the claims are not precluded by the Securities Litigation Uniform Standards Act, and that the PSLRA stay provision does not apply in this case. [Doc. 127 at pp. 7-8].

In the Motion to Stay Remaining Class Certification Deadlines, Defendant argues that good cause exists for a stay because its Motion to Dismiss presents a valid basis for dismissal of each of Plaintiff's claims as a matter of law and it has already spent seven figures defending against the meritless claims, without any ruling from the Court as to the viability of the current iteration of her Complaint [Doc. 149 at pp. 2]. Alternately, it seeks a fourteen-day extension of time to file its response in opposition to Plaintiff's Motion for Class Certification and *Daubert* motions related to class certification. *Id.* at pp. 2-4. Plaintiff opposes both the stay and the extension of time, and contends that Defendant makes no specific showing that prejudice or undue burden exists for the Court to grant Defendant's request. [Doc. 50 at pp. 1-2]. Citing

the Ninth Circuit in *Anderson v. Edward Jones & Co., L.P.*, 990 F.3d 692 (9th Cir. 2021), Plaintiff further contends that Defendant's motion to dismiss offers less justification for a stay than its previous motions to stay—which were denied. *Id.* at pp. 2-4. Plaintiff also contends that Defendant has failed to show good cause to modify the scheduling order. *Id.* at pp. 6-7. In reply, Defendant argues—among other things—that no party will be prejudiced since they still have over 14 months before trial. [Doc. 157 at pp. 1, 3]. Additionally, it argues that while Plaintiff continues to deny that this is a securities fraud case, she has relied heavily on settlements of securities law claims, on fraudulent scheme allegations, and on securities regulations, and has invoked securities fraud case law in briefing these issues. *Id.* at pp. 1-3.

## Discussion

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

However, a pending motion to dismiss, alone, is not a basis to delay discovery. *See* M.D. Discovery (2021) §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the

3

dispositive motion."); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.");[1] *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VHC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss."); *but see Brexendorf v. Bank of Am., N.A.*, No. 6:17-CV-2065-RBD-GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("Trial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.") (*quoting Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017)).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id.* at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1).

considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The party seeking the stay has the burden of demonstrating why a stay should issue. *See Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.,* No. 11–cv–1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013).

Having considered the issues and arguments presented throughout this litigation, including at the hearing on the prior motion to dismiss, a preliminary peek at the present motion to dismiss does not show a potentially meritorious claim for dismissal, in light of the Ninth Circuit's affirmance in *Anderson v. Edward Jones & Co., L.P.,* which involved a similar situation and allegations similar to those presented here, and which relied on the Eleventh Circuit's decision in *Brink v. Raymond James & Associates, Inc.,* 892 F.3d 1142 (11th Cir. 2018). The Court acknowledges the gravity of the discovery and the likely cost associated with it. However, when considered in conjunction with the likelihood that the motion will be granted, the cost does not justify a stay of discovery or further proceedings in this case. Moreover, Defendant has not demonstrated that a stay is warranted pursuant to the PSLRA. Plaintiff has asserted claims for breach of fiduciary duties and negligence. Therefore, the motions to stay are due to be denied.

Defendant has, however, provided good cause for an extension of the deadline to respond to Plaintiff's Motion for Class Certification and *Daubert* motions. *See* Fed.

R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Therefore, the Court will extend the deadline. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Stay Further Discovery and Other Proceedings Pending Resolution of Defendant's Motion to Dismiss and Incorporated Memorandum of Law [Doc. 124] is **DENIED**.

2. Defendant's Motion to Stay Remaining Class Certification Deadlines or, in the alternative, for an Extension of Time, and Incorporated Memorandum of Law [Doc. 149] is **DENIED-IN-PART** and **GRANTED-IN-PART**. The request to stay the deadline to respond to Plaintiff's Motion for Class Certification and *Daubert* motions related to class certification is denied. However, the request for a fourteen-day extension of time is granted. Defendant shall file its response in opposition to Plaintiff's Motion for Class Certification and *Daubert* motions related to class certification on or before September 3, 2021.

**DONE AND ORDERED** in Tampa, Florida on August 19, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any