## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KIMBERLY NGUYEN,

     Plaintiff,

v.                                Case No: 8:20-cv-195-CEH-AAS

RAYMOND JAMES & ASSOCIATES, INC.,

     Defendant.

_____/

## **O R D E R**

This matter comes before the Court upon Defendant's Motions for Leave to File Under Seal [Docs. 151, 163] and Plaintiff's Motion for Leave to File Under Seal [Doc. 178]. Defendant seeks to seal confidential exhibits attached to Plaintiff's Motion for Class Certification and confidential portions of Plaintiff's motion, as well as confidential exhibits to its memorandum in opposition to the motion for class certification and its *Daubert* motions. Plaintiff seeks to file under seal several documents included as exhibits to Defendant's opposition to class certification. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's Motions for Leave to File Under Seal and Plaintiff's Motion for Leave to File Under Seal.

## DISCUSSION

Pursuant to Local Rule 1.11(b), a motion to file any paper or matter under seal in a civil action (i) must include in the title "Motion to Seal Under [Statute, Rule, or

Order]"; (ii) must cite the statute, rule, or order authorizing the seal; (iii) must describe the item submitted for sealing; (iv) must establish that the item submitted for sealing is within the statute, rule, or order; (v) must propose a duration of the seal; (vi) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; but (vi) must not include the item proposed for sealing. Local R. M.D. Fla. 1.11(b). The rule also provides that "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation" and that "sealing is unavailable absent a compelling justification." Local R. 1.11(a) (M.D. Fla. 2021).

All three motions are due to de denied as they do not satisfy the requirements of the local rules. First, neither party has complied with the first requirement that a motion to seal must include in the title "Motion to Seal Under [Statute, Rule, or Order]," as the title of the motions at issue lack an identification of the statute, rule, or order under which the seal is being sought.

Next, neither Defendant nor Plaintiff has established that Rule 26, Federal Rules of Civil Procedure, which is the basis cited in their motions, allows for sealing of the exhibits they have identified or the portion of the Plaintiff's motion for class certification that purportedly contains confidential information. Rule 26 states, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . .

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]

Fed. R. Civ. P. 26(c)(1)(g). According to the Advisory Committee Notes, the language of the rule gives it application to discovery generally. Additionally, that language also seemingly limits the rule's application to discovery requests. Fed. R. Civ. P. 26(c) advisory committee's note to 1970 amendment.

Here, the seal is not sought in response to a discovery request. Instead, it is sought to protect the purported confidentiality of evidence and information bearing on class certification and the admission of expert evidence. Defendant indicates that the evidence includes documents disclosed during discovery and that they are confidential pursuant to the Stipulated Confidentiality Agreement between the parties. The fact that the documents are subject to a confidentiality agreement does not warrant sealing, as Local Rule 1.11(a) makes clear. While the parties both rely on Rule 26(c), they have not explained how the documents at issue fit within the parameters of that rule. As such, neither Defendant nor Plaintiff has demonstrated that the cited rule allows for sealing of the exhibits provided in support of Plaintiff's motion for class certification and Defendant's opposition, as well as Defendant's *Daubert* motions.

Accordingly, it is hereby **ORDERED**:

1. Defendant Raymond James & Associates, Inc.'s Motion for Leave to File Under Seal Confidential Exhibits to Plaintiff's Motion for Class Certification [Doc. 151] is denied.

2. Defendant Raymond James & Associates, Inc.'s Motion for Leave to File Under Seal Confidential Exhibits to Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification and Related *Daubert* Motions [Doc. 163] is denied.

3. Plaintiff Kimberly Nguyen's Motion for Leave to File Under Seal Documents Containing Plaintiff's Personal Financial Information filed in Connection with Defendant's Opposition to Plaintiff's Motion for Class Certification [Doc. 178] is denied.

**DONE AND ORDERED** in Tampa, Florida on October 7, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any