UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY NGUYEN,

    Plaintiff,

v.                                      Case No: 8:20-cv-195-CEH-AAS

RAYMOND JAMES & ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Defendant Raymond James & Associates, Inc.'s Motion for Reconsideration of Order denying Motion to Seal [Doc. 182] and Plaintiff's Opposition [Doc. 188]. Plaintiff has also filed a Motion for Reconsideration of Order Denying Plaintiff's Motion for Leave to File Under Seal [Doc. 183], to which Raymond James has filed a response in opposition [Doc. 189]. The parties move for reconsideration to correct clear error or manifest injustice arising from the Court's denial of the motions for leave to seal various exhibits bearing on the Court's class certification and *Daubert* determinations. The Court, having considered the motions and being fully advised in the premises, will **GRANT-IN-PART** Defendant Raymond James & Associates, Inc.'s Motion for Reconsideration of Order denying Motion to Seal and will **GRANT-IN-PART** Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Leave to File Under Seal.

## BACKGROUND

Plaintiff and Raymond James both sought to seal, pursuant to Local Rule 1.11(c), various documents provided as exhibits to pending motions in this case. Specifically, Raymond James sought to seal confidential exhibits attached to Plaintiff's Motion for Class Certification and confidential portions of Plaintiff's motion, as well as confidential exhibits to its memorandum in opposition to the motion for class certification and its *Daubert* motions. [Docs. 151, 163].

Raymond James identified for sealing or redacting the following documents provided in support of Plaintiff's Motion for Class Certification:

| Tab 1 | Report of Douglas J. Schulz re: Class Certification | Redact |
|---|---|---|
| Tab 10 | RJA Compliance Policies and Supervisory Procedures ("Investment Advisory Accounts")<br><br>Tab 10 has already been filed under seal pursuant to the Court's July 12, 2021 Order. (Dkt. 142). For ease of reference, if the Court grants the present Motion to Seal, RJA will re-submit this exhibit under seal with the other sealed materials relevant to Plaintiff's Motion for Class Certification. | Seal |
| Tab 12 | Excerpts from the July 15, 2021 Deposition of Joseph Thomas | Redact |
| Tab 13 | Rebuttal Report of Douglas J. Schulz re: Class Certification | Redact |
| Tab 18 | Excerpts from the May 21, 2021 Deposition of Chris Thurston<br><br>Rather than filing a placeholder for this exhibit, Plaintiff filed a redacted version of this transcript reflecting the existing confidentiality designations for the deposition. By this Motion to Seal, RJA seeks to submit an unredacted copy of the excerpt under seal for the Court's consideration. | Redact |
| Tab 19 | Report of Arthur Olsen re: Class Certification | Redact |
| Tab 20 | RJA's Freedom Fee Schedule | Seal |
| Tab 21 | Internal RJA Email Attaching RJA's Fee Schedules | Seal |
| Tab 23 | RJA Private Client Group Payout Grid | Seal |
| Tab 24 | Financial Advisor Compensation Guide | Seal |

| Tab 25 | RJA Compliance Policies and Supervisory Procedures, "Fee-Based Accounts – Investment Adviser Representative Registrations" | Seal |
| Tab 26 | Internal Freedom Account Marketing Packet | Redact |

[Doc. 151 at pp. 3-4].[1]

It then proposed to seal or redact the following items provided in support of its opposition to the Motion for Class Certification and the related *Daubert* motions:

| **Declaration of Al Caudullo** <br><br> RJA seeks to redact ¶ 33 and a portion of ¶ 34, which relate to RJA's internal product pricing and fee information. <br><br> RJA additionally redacted from Mr. Caudullo's declaration certain financial information Plaintiff asserts as confidential. | Exh. B to Opposition; <br><br> Exh. B to Motion to Exclude Schulz |
|---|---|
| **Declaration of Chris Thurston** <br><br> RJA seeks to redact portions of the Thurston Declaration that discuss in detail RJA's internal policies and procedures. RJA additionally seeks to seal Exhs. 1-4 to the Thurston Declaration, which consist of copies of RJA's internal policies, in their entirety. | Exh. E to Opposition |
| **Deposition of Dax Seale** <br><br> RJA seeks to redact the portions of Dax Seale's testimony reflecting details about confidential internal policies as well as details regarding Mr. Seale's personal compensation. | Exh. D to Opposition; |
| **Declaration of Joseph Thomas** <br><br> RJA seeks to redact limited portions of Exhs. 1 & 2 to the Declaration of Joseph Thomas reflecting details about RJA's confidential internal policies. | Exh. F to Opposition; <br><br> Exh. E to Motion to Exclude Olsen; <br><br> Exh. F to Motion to Exclude Schulz |

---

[1] Pursuant to the motion for Reconsideration, Raymond James no longer wishes to seal the Private Client Group Payout Grid **(Tab 23)** and the Financial Advisor Compensation Guide **(Tab 24)**. Additionally, it now wishes only to file redacted versions of the Freedom Fee Schedule **(Tab 20)** and the Internal RJA Email Attaching RJA Fee Schedules **(Tab 21)**.

3

| **Declaration of Peter Klouda** | Exh. I to Opposition; |
|---|---|
| RJA seeks to redact limited portions of Exhs. 1 & 2 to the Declaration of Peter Klouda reflecting confidential details about RJA's pricing and fee information.<br><br>RJA additionally redacted from Mr. Klouda's reports Plaintiff's financial account numbers, consistent with this Court's Administrative Procedures for Electronic Filing, § G.2.b, as well as certain financial information Plaintiff asserts as confidential. | Exh. D to Motion to Exclude Olsen;<br><br>Exh. H to Motion to Exclude Schulz |

[Doc. 163 at pp. 3-4].

Plaintiff sought to file under seal several documents included as exhibits to Raymond James' opposition to class certification. [Doc. 178]. She identified the following items for sealing:

| | |
|---|---|
| 1. Statements from Plaintiff's Edward Jones Accounts, which contain detailed information about Plaintiff's financial and investment accounts, including balances, retirement contribution amounts, and account numbers | Exhibit 1 to the Declaration of Dax Seale, filed as Exhibit A to the Opposition (ECF No. 162-1)<br><br>Proposed to file:<br>ENTIRELY UNDER SEAL |
| 2. Personal "Financial Plan" prepared for Plaintiff, which contains detailed information about Plaintiff's financial and investment accounts, as well as confidential personal information, including statements of Plaintiff's overall net worth, age and date of birth, annual income, children's' names and dates of birth, and details of life insurance policies | Exhibit 2 to the Declaration of Dax Seale, filed as Exhibit A to the Opposition (ECF No. 162-1)<br><br>Proposed to file:<br>ENTIRELY UNDER SEAL |
| 3. Transcript of the Deposition of Kimberly Nguyen on January 12, 2021, which contains personal, financial, and other sensitive information throughout, as well as personal information of non-parties including names of Plaintiff's friends and business partners | Exhibit C to the Opposition (ECF No. 162-3)<br><br>Exhibit C to Defendant's *Daubert* Motion to Exclude the Opinions and Testimony of Arthur Olsen (ECF No. 161-3) |

4

| | |
|---|---|
| | Proposed to File: REDACTED COPY[2] |
| 4. Emails from May 2018 containing financial information regarding Plaintiff and her accounts, including specific investments and fee amounts | Exhibit G to the Opposition (ECF No. 162-7) Proposed to file: ENTIRELY UNDER SEAL |
| 5. April 2019 email from Chelsea Santiago at RJA containing detailed personal information about Plaintiff and her husband, as well as financial information including account balances | Exhibit H to the Opposition (ECF No. 162-8) Proposed to file: ENTIRELY UNDER SEAL |

[Doc. 178].

Upon review, the Court construed the three motions as requesting a seal pursuant to Rule 26, Federal Rules of Civil Procedure, and denied the motions as failing to meet the requirements of Local Rule 1.11(b), which applies where sealing is being authorized by a statute, rule, or order. [Doc. 179].

The parties have separately moved the Court to reconsider its order to correct clear error or manifest injustice.[3] [Docs. 182, 183]. In the respective motions, they both argue that they previously moved under Local Rule 1.11(c) and not 1.11(b), and satisfied all the requirements of that rule. [Doc. 182 at pp. 2-3; Doc. 183 at pp. 3-6]. They also argue that they have shown good cause for sealing the documents identified. [Doc. 182 at pp. 3-5; Doc. 183 at pp. 6-9]. Raymond James further limited the number of items proposed for sealing. [Doc. 182 at pp. 5-8]. It now only seeks to seal in its

---

[2] Plaintiff proposes to file an unredacted copy under seal, which would provide the Court with unredacted versions of specific lines, which are currently redacted in the publicly filed version.
[3] Plaintiff specifically moves pursuant to Rules 59(e) and 60(b), Federal Rules of Civil Procedure, and in connection with the Court's Endorsed Order dated October 13, 2021.

5

entirety the "RJA Compliance Policies and Supervisory Procedures" **(Tab 10)**, the "RJA Compliance Policies and Supervisory Procedures" **(Tab 25)**, and the Thurston Declaration **(Doc. 162-5)**. *Id.* at pp. 5-6. It no longer seeks to seal the "RJA Private Client Group Payout Grid" **(Tab 23)** and the "Financial Advisor Compensation Guide" **(Tab 24)**, and it now seeks only to file redacted copies of the remaining items. *Id.* at pp. 5-8.

Plaintiff has responded in opposition to Raymond James' motion, arguing that even though the court applied Local Rule 1.11(b) instead of 1.11(c), Raymond James has failed to establish good cause for filing the specific items under seal. [Doc. 188 at pp. 1, 6-12]. However, Plaintiff notes that she does not oppose a limited redaction of paragraph 37 of Tab 13, the redaction of the last two pages of Raymond James' pricing information at Tab 21—so long as an unredacted copy is also filed under seal, or the sealing of Dax Seale's personal financial information. *Id.* at pp. 11, 13.

In its response in opposition, Raymond James argues that good cause does not exist for sealing Plaintiff's personal financial information because Plaintiff has placed this information in issue by filing the lawsuit and publishing these details in her complaint and because the public's right of access outweighs Plaintiff's preference to keep these details under seal. [Doc. 189 at p. 2]. It further argues that the information at issue is central to litigating this case and that if the documents are sealed it will be forced to move to unseal them before any hearing or trial at which it intends to rely on these documents. *Id.* at pp. 4-5, 7-8, 9, 10. Additionally, it notes that none of the cases

cited by Plaintiff address a situation like here, where the plaintiff has already disclosed extensive personal financial information. *Id.* at p. 6. However, Raymond James notes that it does not object to redacting such irrelevant information as the day and month of Plaintiff's or her family members' birthdates, or all but the last four digits of her account numbers—as required by the rules of this Court. *Id.* at pp. 3-4, 8.

## LEGAL STANDARD

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). "This ordinarily requires a showing 'of clear and obvious error where the interests of justice demand correction.' " *Id.* (quoting *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996)). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). However, "[a] motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005)).

7

## DISCUSSION

The parties both argue that reconsideration is necessary to correct clear error or manifest injustice. The purported error or injustice is the Court's examination of the requests to seal under the standards of Local Rule 1.11(b) instead of Local Rule 1.11(c). As the parties point out, their motions to seal were pursuant to Local Rule 1.11(c) and not Local Rule 1.11(b) and they presented argument on the Rule 1.11(c) factors.[4]

A motion to seal pursuant to Local Rule 11(c):

> (1) must include in the title "Motion for Leave to File Under Seal";
>
> (2) must describe the item proposed for sealing;
>
> (3) must state the reason:
>   (A) filing the item is necessary,
>   (B) sealing the item is necessary, and
>   (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
>
> (4) must propose a duration of the seal;
>
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
> (6) must include a legal memorandum supporting the seal; but
>
> (7) must not include the item proposed for sealing.

---

[4] The Court, however, notes that each of the motions to seal started off with a discussion of Rule 26, Fed. R. Civ. P., suggesting that this rule was the basis for the seal.

Additionally, the party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.' " *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

> "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2.

9

<u>Confidential Exhibits to Plaintiff's Motion for Class Certification</u>

In this first motion, Raymond James identified a list of documents for sealing or redacting, each of which purportedly contains confidential information, and is provided in support of Plaintiff's motion for class certification.[5] [Doc. 151 at pp. 3-4]. Considering the listing of items in combination with the information addressing the reason means other than sealing are unavailable or unsatisfactory, Raymond James has sufficiently described the items proposed for sealing or redacting. It has also indicated that filing is necessary because the exhibits are in support of Plaintiff's Motion for Class Certification.

In addressing why sealing is necessary, it identifies three broad categories of information—Internal Policies and Procedures, Pricing and Fee Information, and Compensation Information—and explains that such information would be of value to its competitors and that its disclosure would cause significant competitive harm to it. *Id.* at pp. 5-8. In one of its charts, Raymond James has listed the following items: Report of Douglas J. Schulz re: Class Certification **(Tab 1)**, Excerpts from the July 15, 2021 Deposition of Joseph Thomas **(Tab 12)**, Rebuttal Report of Douglas J. Schulz re: Class Certification **(Tab 13)**, Excerpts from the May 21, 2021 Deposition of Chris Thurston **(Tab 18)**, Report of Arthur Olsen re: Class Certification **(Tab 19)**, Internal Freedom Account Marketing Packet **(Tab 26)**, and has also indicated the nature of the

---

[5] Raymond James is not seeking to seal or redact the July 12, 2021 correspondence between counsel **(Tab 9)** and excerpts of deposition of Peter J. Klouda **(Tab 33)** and Douglas J. Schulz **(Tab 42)**.

10

information in these documents. *Id.* at pp. 9-10. The title of other items indicates the nature of the information presented, including RJA Compliance Policies and Supervisory Procedures **(Tab 10)**, RJA's Freedom Fee Schedule **(Tab 20)**, RJA Private Client Group Payout Grid **(Tab 23)**, Financial Advisor Compensation Guide **(Tab 24)**, and RJA Compliance Policies and Supervisory Procedures **(Tab 25)**. However, Plaintiff has not explained why sealing or redacting portions of the internal email attaching the fee schedule **(Tab 21)**, as distinct from the fee schedule, is necessary.

Next, Raymond James indicates that for certain exhibits, which are then identified, partial sealing or redaction would be insufficient to protect it from competitive harm, as a public filing would permit exploitation or duplication of its documents. [Doc. 151 at p. 8]. As to the documents which it designates are to be redacted, Raymond James contends that redaction is the least restrictive means of sufficiently protecting confidential information. *Id.* As such, it has stated the reason "partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory." Raymond James also proposes a duration for the seal—ninety days after this case is closed and all appeals are exhausted—and indicates that counsel is authorized to retrieve any document or other sealed, tangible item filed in connection with this litigation. *Id.* at p. 11.

In its legal memorandum, Raymond James argues that pursuant to Rule 26, Fed. R. Civ. P., a court may, for good cause, issue an order requiring that a trade secret or other confidential or commercial information not be revealed or be revealed only in

a specified way and that good cause exists for filing the specified documents under seal because they are confidential. *Id.* at pp. 1-3. The Court, however, agrees with Plaintiff that Raymond James' blanket assertion that the items contain confidential information does not show good cause for sealing the items identified. In fact, Raymond James has not provided any specific information as to why each item designated constitutes confidential information, to allow for a more meaningful inquiry into whether these items are, in fact, confidential such that sealing or redacting is appropriate. *See WellCare Health Plans, Inc. v. Preitauer*, No. 8:12-CV-713-JSM-MAP, 2012 WL 1987877, at *3 (M.D. Fla. May 23, 2012) (reasoning that "[a] blanket assertion that Preitauer is in possession of confidential information is not enough" and that parroting the language of the statute is also not sufficient), *report and recommendation adopted*, No. 8:12-CV-713-JSM-MAP, 2012 WL 1987692 (M.D. Fla. June 4, 2012).

For example, Raymond James requests to redact the Report of Douglas J. Schulz re: Class Certification (Tab 1) because the report contains confidential information including excerpts from the Freedom Fee Schedule, quotations from RJA's confidential internal policies, and details regarding RJA's formula for compensating financial advisors. [Doc. 151 at p. 9]. Even though it represents that the redactions are minimal, it references confidential internal policies without specifically identifying these policies and the reason these policies are confidential. Additionally, the details regarding its formula for compensating its financial advisors is public information—which casts some doubt as to the veracity of Raymond James' broad brushstroke characterization of the items as confidential—and Plaintiff has also

12

presented evidence that contents of its fee schedule are presented in disclosure Form ADV Part 2A publicly filed with the Securities and Exchange Commission (SEC).

The same is true for the other items for which redactions are sought—there is just not enough information to determine whether the items are truly confidential. Balancing the competing interests at stake, Raymond James has not sufficiently demonstrated that its privacy interests as to the items designated are legitimate and that the threatened harm from disclosure is real, such that good cause exists for sealing or allowing redactions to these items. *See Regions Bank v. Kaplan*, No. 8:16-CV-2867-SDM-AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Defendants' blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings."); *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-CV-1402-MMH-JBT, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) (stating same). As such, this first motion is due to be denied.

<u>Confidential Exhibits to Memorandum in Opposition to Motion for Class Certification and related *Daubert* motions</u>

Raymond James also sought to seal and redact various items in support of its opposition to Plaintiff's Motion for Class Certification and related Daubert motions. [Doc. 163]. Raymond James has sufficiently described the items proposed for sealing or redaction. *Id.* at pp. 3-6. These include (i) ¶ 33 and a portion of ¶ 34 of the Declaration of Al Caudullo, which relate to RJA's internal product pricing and fee information and certain financial information Plaintiff asserts as confidential; (ii)

portions of the Declaration of Chris Thurston that discuss in detail RJA's internal policies and procedures and entire copies of RJA's internal policies that are provided as exhibits[6]; (iii) portions of Dax Seale's testimony reflecting details about confidential internal policies as well as details regarding Mr. Seale's personal compensation; (iv) limited portions of Exhibits 1 and 2 to the Declaration of Joseph Thomas reflecting details about RJA's confidential internal policies; and (v) limited portions of exhibits 1 and 2 to the Declaration of Peter Klouda reflecting confidential details about RJA's pricing and fee information as well as Plaintiff's financial account numbers and certain financial information Plaintiff asserts as confidential. *Id.* at pp. 3-4.

Raymond James also states the reason filing the items is necessary and, with the exception of Mr. Seale's personal compensation details which is more specifically discussed, broadly addresses why filing the items under seal or in redacted form is necessary. *Id.* at p. 5-9. As to the reason partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory, Raymond James states that it proposes sealing for only its internal policies which have already been sealed by the court, *see* Doc. 142, and proposes redactions for the remaining items. *Id.* at p. 10. Lastly, it requests that the items remain under seal for ninety days after this case is closed and all appeals are exhausted and indicates that undersigned counsel is authorized to retrieve the items. *Id.* at p. 10.

---

[6] These exhibits are the only items designated for sealing in this motion. The remaining items are designated for redactions to the document filed on the public docket.

Having considered the motion and the arguments in Plaintiff's response, the Court agrees that Raymond James has not established good cause to seal the exhibits to the Thurston Declaration and to redact the remaining exhibits. As an initial matter, it appears that some of the matters identified for redaction may already be publicly available. Specifically, paragraph 33 and a portion of paragraph 34 of the Declaration of Al Caudullo establish the amount of RJA's internal cost allocation for fees received from the Freedom Program and portions of the exhibits to the Declaration of Peter Klouda relate to RJA's internal cost allocation for fees received from the Freedom Program. [Doc. 163 at pp. 3-4, 5-6]. Because Raymond James' fee schedule is presented in disclosure Form ADV Part 2A publicly filed with the SEC—as Plaintiff noted—it is not clear that the designated redactions are appropriate. As to its internal policies and procedures forming the basis for sealing exhibits and redacting declarations and exhibits designated by Raymond James, the general explanation as to why sealing of these policies and procedures is necessary does not sufficiently establish the confidentiality of this information. *See WellCare Health*, 2012 WL 1987877, at *3 (parroting the language of the statute is not sufficient to establish that an item is confidential).

As to the portions of Dax Seale's deposition that address his compensation,[7] the fact that the parties had agreed that it would be confidential does not by itself warrant

---

[7] It is not entirely clear whether Plaintiff objects to the redaction of Mr. Seale's compensation information. [Doc. 117 at pp. 10-11]. At first, Plaintiff states: "With the exception of the publicly available financial advisor compensation grids, noted above, Plaintiff does not oppose RJA's motion to seal Mr. Seale's compensation information." *Id.* at p. 10. However,

sealing. Beyond the understanding of the parties, there is no explanation as to why this information should remain secret. In fact, Raymond James indicates that details regarding Mr. Seale's personal compensation are necessary for a determination as to whether compensation played a role in Mr. Seale's decision to recommend the Freedom Account to Plaintiff. This information will likely be relevant at trial—which is a public proceeding. [Doc. 163 at pp. 5-6]. As such, the Court does not find that good cause exists to redact potions of this information.

Lastly, there is not enough information about the nature of the financial information Plaintiff asserts as confidential—as disclosed by the Declarations of Al Caudullo and Peter Klouda—to allow the Court to assess whether sealing is appropriate. However, the Court will allow redactions to Plaintiff's financial account numbers as required by section G.2.b of the Administrative Procedures for Electronic Filing. Therefore, this motion will be granted in part, only as to this limited request.

<u>Documents Containing Plaintiff's Personal Financial Information</u>

Plaintiff seeks to seal several documents included as exhibits to Raymond James' opposition to her motion for class certification. [Doc. 178]. The documents purportedly contain Plaintiff's personal and financial information, including her date of birth, family and medical information, annual income, and account numbers. *Id.* at pp. 1, 3. She argues that none of this information is central to an issue in this case and the public has no real interest in accessing this information. *Id.* at p. 4. Plaintiff has

---

Plaintiff then indicates: "RJA does not mention the part that Plaintiff opposes—the compensation information of Mr. Dax Seale." *Id.*

sufficiently described the items for sealing. *Id.* at pp. 5-6. She states the filing is necessary as Raymond James has submitted these documents in support of its opposition to class certification. *Id.* at pp. 6-7. Sealing is purportedly necessary in order to protect the sensitive, personal, and financial information of Plaintiff and several non-parties who are named in the transcript of her deposition or other documents and to protect Plaintiff from personal prejudice, potential embarrassment, harassment, or possible identity theft. *Id.* 7-8. Plaintiff further states that partial sealing or redaction are not sufficient because the entire substance of the statements from her Edward Jones accounts **(Item 1)**, her personal financial plan **(Item 2)**, the May 2018 email **(Item 4)**, and the April 2019 email **(Item 5)** consists of detailed financial information about her and her accounts and redacting these documents would leave nothing left to file. *Id.* at p. 9. As to the deposition transcript **(Item 3)**, Plaintiff states that Raymond James has already filed a redacted version and she proposes to file an unredacted copy under seal to keep the redacted portions confidential. *Id.* The proposed duration of the seal is until ninety days after the case is closed and all appeals have been exhausted and Plaintiff's undersigned counsel is authorized to retrieve any such document. *Id.* at p. 10.

     Upon consideration of the items designated for sealing by Plaintiff and the arguments of the parties, the Court finds that Plaintiff has not established good cause for sealing the entirety of those items. Because this is an action arising from certain investment advice and services provided to Plaintiff by Raymond James and includes claims that Raymond James did not assess Plaintiff's needs in doing so, it appears to

the Court that Plaintiff's financial and investment information is central to her claim for relief. While the Court acknowledges Plaintiff's strong interest in maintaining the privacy of this information, the relevance of this information weighs the balance in favor of the public having access to it. *See, e.g.*, *Wilson v. Costco Wholesale Corp.*, No. 17-CV-81243-DMM, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018) ("While the Court is aware that medical records contain sensitive and personal information, that alone does not warrant depriving the public of access to filings from judicial proceedings, which are presumptively public. This is particularly true where, as here, the medical records that Plaintiff seeks to seal were central to the issues litigated at trial.") (internal citation omitted). However, the Court agrees that Plaintiff's medical information and information relating to her family members—who are not parties to this litigation—should not be made public as there is no legitimate basis for public access to this information. The Court will therefore deny complete sealing of the documents identified by Plaintiff for this reason.[8] But, to the extent the documents contain Plaintiff's medical information, or medical or financial information relating to her family members, such information should be redacted.

The Court notes that Plaintiff's deposition purportedly contains personal information of non-parties including names of Plaintiff's friends and business partners—which Plaintiff proposes to redact—and the April 2019 email potentially

---

[8] The Court notes that redactions to certain information, including account balances and details of life insurance policies, may be more appropriate than complete sealing. However, that relief has not been requested.

contains personal information about Plaintiff's husband. [Doc. 178 at pp. 5-6]. As the court noted in *Romero*, the right of access is not absolute, 480 F.3d at 1245, such that specific portions of items containing personal information about nonparties may be redacted or sealed to protect a nonparty's right to privacy. But, it is not clear why the portions of the deposition referencing Plaintiff's friends warrant sealing and Plaintiff does not specify what detailed personal information about her husband is included in the email.

The Court will allow redactions, consistent with the guidelines in section G.2 of the Administrative Procedures for Electronic Filing, to certain personal information including account numbers in the statements from Plaintiff's Edward Jones accounts and to dates of birth and the names of children—if minors—in Plaintiff's Personal Financial Plan.

Accordingly, it is hereby **ORDERED**:

1. Defendant Raymond James & Associates, Inc.'s Motion for Reconsideration of Order denying Motion to Seal [Doc. 182] is **GRANTED-IN-PART**. The motion is granted to the extent the Court reconsidered Raymond James' requests to seal various exhibits, in its motions to seal [Docs. 151, 163], under Local Rule 1.11(c). The Court grants the request to redact Plaintiff's financial account numbers as disclosed by the Declarations of Al Caudullo and Peter Klouda, which are provided in support of Raymond James' opposition to Plaintiff's Motion for Class Certification and related Daubert motions. [Doc. 163]. The motions to seal are otherwise denied.

2. Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Leave to File Under Seal [Doc. 183] is **GRANTED-IN-PART**. The motion is granted to the extent the Court reconsidered Plaintiff's request to seal various exhibits in her motion to seal [Doc. 178], under Local Rule 1.11(c). Plaintiff may redact account numbers in the statements from Plaintiff's Edward Jones accounts and dates of birth and the names of children—if minors—in Plaintiff's Personal Financial Plan. Plaintiff may also redact her medical information, as well as medical or financial information relating to her family members, from the documents identified in her motion to seal. The motion to seal is otherwise denied.

**DONE AND ORDERED** in Tampa, Florida on January 6, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any